IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-02798-RBJ-MEH

REBECCA TRUJILLO,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,
ROMERO, Deputy, Denver Sheriff Department,
J. ALLEN, Deputy, Denver Sheriff Department,
J. ALLEN, R.N.,
A. PEREZ, R.N.,
V. TOLIVER, R.N.,
DANA WIMBERLY, R.N., and
ALL MEDICAL PROVIDERS IN THE DENVER CITY JAIL INFIRMARY,

     Defendants.

---

## ORDER

---

The matter is before the Court on defendant City and County of Denver's motion to dismiss; a magistrate judge's recommendation that the motion be granted; and plaintiff's motion for leave to file an amended complaint.  For the reasons discussed below, the Court grants the motion for leave to amend, thereby mooting the motion to dismiss and the magistrate judge's recommendation.

## BACKGROUND

In her original complaint filed on October 10, 2014, Ms. Trujillo alleged that she was injured in an accident while she was incarcerated in the Denver jail in July 2012, but that the defendants were deliberately indifferent to her need for treatment in violation of the Eighth Amendment.  Following her release surgery was performed for spinal injuries, and her surgeon

1

indicated that her injuries were exacerbated by the failure to provide surgery at an earlier time. ECF No. 1 at 1-4.

Although Ms. Trujillo was represented by counsel, she only managed to serve the City and one of the individual defendants, "V. Toliver," a nurse, who filed an answer. ECF No. 17. The City filed a motion to dismiss, arguing that the complaint did not plausibly allege a municipal liability claim. ECF No. 20. On April 10, 2015 – nine days after the filing of the motion to dismiss – Ms. Trujillo's lawyer moved to withdraw, citing an "irreconcilable conflict" with her. Magistrate Judge Hegarty granted the motion to withdraw. ECF No. 23.

There followed several status conferences, ultimately resulting in plaintiff's former counsel's filing of a motion on July 7, 2015 for the appointment of pro bono counsel to represent Ms. Trujillo. ECF No. 55. This district has a Civil Pro Bono Program wherein lawyers can volunteer to accept appointments on a pro bono basis. In cases deemed appropriate the court through the Clerk's Office contacts the volunteer panel to see whether someone who is able and willing to take an appointment. The Court cannot guaranty that a pro bono lawyer will be found for any particular case. On July 28, 2015 Judge Hegarty granted the motion for the appointment of pro bono counsel, noting among other things that the court "will benefit from the appointment of counsel for the Plaintiff, particularly considering the issues yet to be determined and the circumstances underlying Plaintiff's prior representation in this case." ECF No. 63 at 2.

Meanwhile, the City's motion to dismiss had been pending without a response for more than three months.[1] On July 31, 2015 Judge Hegarty issued a recommendation that the City's motion to dismiss be granted. ECF No. 66. The recommendation also advised the parties per Fed. R. Civ. P. 72 that they had 14 days after service to serve and file any written objection that

---

[1] Ms. Trujillo filed a *pro se* response on July 10, 2015, but it simply noted that she believed her rights had been violated and wished to oppose the motion but was waiting to hear about pro bono counsel. ECF No. 57.

they might have to the recommendation.  *Id.* at 1 n. 1.  Ms. Trujillo requested an extension of the objection deadline.  ECF No. 67.  On August 20, 2015 Judge Hegarty extended the deadline to September 16, 2015, noting his hope that a volunteer attorney would be located, but warning Ms. Trujillo that if that did not happen, the court would not indefinitely postpone her obligation to file an objection to his recommendation.  ECF No. 68.

On September 9, 2015 the Clerk reported that a lawyer had volunteered and had been selected to represent Ms. Trujillo.  ECF No. 78.  On September 15, 2015 new counsel, Diego Hunt, entered his appearance and filed an unopposed motion for another extension of the objection deadline.  ECF Nos. 79 and 80.  The deadline was extended to September 30, 2015 and later extended again to October 14, 2015.  ECF Nos. 81 and 85.

On that date Mr. Hunt filed a motion for leave to file an amended complaint and an objection to the recommendation to grant the City's motion to dismiss.  ECF Nos. 86 and 87.  The objection did not object to Judge Hegarty's analysis but indicated that the proposed amended complaint "remedies the purported deficiencies with the original Complaint" by identifying alleged City policies and customs of failing to train employees and failing to provide proper medical care to inmates.  ECF No. 87 at ¶6.  The proposed amended complaint adds two claims and names numerous additional law enforcement and medical defendants.  ECF No. 86-1.

Nurse Toliver opposes the motion to amend on several grounds: (1) plaintiff acted with undue delay; (2) she and the new medical defendants will be unduly prejudiced by the amendments; (3) the amendments are made in bad faith; and (4) the proposed amendments are futile.  ECF No. 93.  The City opposes the motion to amend on grounds that the proposed amended complaint (1) asserts claims that are barred by the statute of limitations; (2) does not allege unconstitutional conduct by the new individual defendants; (3) still does not allege a

plausible municipal liability claim; (4) fails to allege a supervisory liability claim; and (5) would be prejudicial to the City.  ECF No. 96 at 4-17.  Separately the City responds to plaintiff's "objection" to Judge Hegarty's recommendation by arguing that it was not a valid objection under Rule 72(b), and (again) that it did not cure the deficiencies of the original complaint.  ECF No. 95.

## CONCLUSIONS

Leave to amend pleadings should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  The plaintiff, Ms. Trujillo, is an impecunious and, so far as the record shows, legally unsophisticated person.  I assume without deciding that Judge Hegarty's recommendation to dismiss the claims against the City as set forth in the original complaint was well grounded.  I also have no basis to question the decision to permit counsel to withdraw.  *See* ECF No. 27.  The fact remains that Ms. Trujillo was left without counsel, and even if she has a meritorious claim against someone, she appears to have had no ability to prosecute the case successfully on her own behalf.  Even as Judge Hegarty was addressing the motion to dismiss he was seeking counsel for Ms. Trujillo from the Civil Pro Bono Program.  It took some time, but Mr. Hunt volunteered.  Absent good grounds to the contrary, Rule 15 and the interest of justice support granting leave to amend, particularly at an early (albeit belated) stage of the case.

Nurse Toliver's Opposition.

I have considered each of Nurse Toliver's objections.  First, I do not agree that Ms. Trujillo acted with undue delay.  She did not frame the original complaint.  She apparently did not terminate her lawyer.  *See* ECF No. 27 (minute order indicating that Ms. Trujillo advised Judge Hegarty that she wasn't told by her lawyer that he intended to withdraw or that he had withdrawn).  She was not responsible for the time it took to secure pro bono counsel.  It is

unusual for a case to be 13 months old and still not have even had an initial scheduling conference, and Nurse Toliver has reason to be frustrated. But, I cannot fault Ms. Trujillo for the delay that has occurred.

Second, I do not find that Nurse Toliver has been unfairly prejudiced. Her argument actually asserts that the new medical defendants have been prejudiced by learning of claims against them "so long after the care was provided." ECF No. 93 at 8. She does not explain how she has standing to make arguments on behalf of others. If and when they are served they can assert defenses including untimeliness if they or their counsel deem it to be appropriate.

Third, she asserts but has not shown any bad faith on the part of Ms. Trujillo or counsel. She complains about the "shotgun approach of naming ten new putative health care defendants simply because they provided care and treatment at some point after her fall in July 2012." *Id.* at 10. I am not a fan of shotgun-style pleading or of involving anyone in a lawsuit who does not belong. At this point, however, I assume that counsel satisfied himself that he had a good faith basis under Rule 11 for naming the individuals he has named. I expect that counsel will consider and act on any evidence that is brought to his attention that suggests that an individual or individuals should be voluntarily dismissed.

Finally, I do not address the futility argument. At this point I am focusing on the motion to amend, not on the merits of the case. Nurse Toliver asserts that the amendments are barred by the statute of limitations. That is an affirmative defense that would rarely be addressed on a motion to dismiss (which Nurse Toliver never filed), much less a motion to amend.

The City's Opposition.

The City's first (statute of limitations), second (no allegation of unconstitutional conduct by certain defendants), third (no plausible municipal liability claim), and fourth (no allegation of

supervisory liability) address merits issues that I do not address in ruling on a motion for leave to amend the complaint.

The fifth argument, prejudice to the City, is certainly relevant to the motion for leave to amend, but I am not persuaded by it.  The City essentially argues that it is prejudiced by being denied the benefit of Judge Hegarty's favorable recommendation on the City's motion to dismiss.  That assumes, of course, that this Court would have accepted the recommendation.  Even so, the recommendation was based on a poorly drafted complaint.  The loss of an opportunity to get out of a case because opposing counsel did an inadequate job of pleading a claim and then withdrew before he had a chance to defend his pleading or seek leave to amend does not constitute unfair prejudice.  I understand to some extent the frustration of having prepared a motion, only to see it mooted.  But a *Monell* defense is familiar stuff these days, raised and briefed by municipalities in case after case.  It is not as if the research were brand new or that it will go to waste, particularly given the City's position that the proposed amended complaint does not cure the insufficient pleading of a municipal liability claim.  The City will have the opportunity to press the defense, but this is not the time or place.

In short, while I understand the City's (and Nurse Toliver's) unhappiness at the reconstitution of the claims by recently appointed counsel, I find that it is in the interest of justice to permit the amended complaint.  I also disagree that Ms. Trujillo's new counsel did not sufficiently note his objection to Judge Hegarty's recommendation.  Rather than attempting to defend a complaint that he did not draft, he drafted a new complaint, in the process making it clear that he believes there is a viable municipal liability claim.  In the circumstances that strikes me as the substantive equivalent of a more conventional objection.

### ORDER

1. The City's motion to dismiss, ECF No. 20, is moot.

2.   Magistrate Judge Hegarty's recommendation that this Court grant the City's motion, ECF No. 66, is moot.

3.   Plaintiff's motion to amend for leave to file a First Amended Complaint, ECF No. 86, is granted.  The proposed First Amended Complaint, ECF No. 86-1, is accepted for filing.

4.   Plaintiff is directed to proceed with dispatch to accomplish proper service upon all defendants not already served.

5.   As soon as it is known who will be representing all named and served defendants, counsel are directed to contact chambers and set a scheduling conference.

DATED this 6th day of November, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge